## JOHNSON v. COMBS et ux.

### No. 2991.

Court of Civil Appeals of Texas. Eastland.

Feb. 20, 1953.

Marshall, King & Jennings, Graham, for appellant.

C. Dale Condron, Throckmorton, Judge D. D. Williams, Throckmorton, for appellee.

GRISSOM, Chief Justice.

E. L. Combs and wife, who jointly petitioned for the adoption of Betty Ann Johnson, obtained a judgment permitting her adoption by them and Betty Ann's adoptive father, Chester E. Johnson, has appealed.

Appellant contends the judgment must be reversed because Mrs. Combs did not attend the adoption hearing in person. It was admitted in this court that Mrs. Combs did not attend the hearing. Section 5 of Article 46a, Vernon's Ann.Civ.St., which article provides for adoption by a judicial proceeding and prescribes its requirements, provided prior to its amendment that:

"The petitioner and the child to be adopted, if fourteen years of age or over, shall be required to attend the hearing in person * * *."

In 1951 section 5 was amended by adding the following:

"* * * provided, however, that if a husband and wife are joint petitioners and either the husband or wife is a member of the Armed Services of the United States of America and stationed beyond the territorial confines of the United States of America, the personal appearance of such spouse at the hearing shall not be required, if the other spouse be in attendance at such hearing."

The emergency clause to the amendment reads:

"The fact that no exception is made at the present excusing the personal appearance of a member of the Armed Services of the United States of America stationed beyond the territorial confines of the United States of America from being in personal attendance at the hearing wherein he or she is a petitioner for adoption of a minor child, creates an emergency * * *." Acts 1951, c. 133, § 2.

While we think the plain language of Section 5 before its amendment made it mandatory that all petitioners at-

tend the adoption hearing in person, if there could have been any doubt thereof it was removed by the amendment and its emergency clause, wherein the legislature clearly interpreted said Section as being mandatory. The emergency clause of the amendment definitely showed the legislature interpreted Section 5 as theretofore permitting no exception to the requirement that all petitioners must attend the adoption hearing in person. Although some other safeguards are provided, it can readily be understood why the legislature intended that both husband and wife, as joint petitioners for adoption, should be required to attend the adoption hearing in person. For illustration: One might not still be anxious, or willing, to adopt the child. One might be either physically or mentally incapable of properly caring for it. Such matters might be either apparent or made known to the judge by both petitioners attending the hearing in person.

The only person excepted by the amendment from the requirement that all petitioners for adoption must attend the adoption hearing in person is a (1) husband or wife, who is a joint petitioner, and (2) in the armed services of the United States and stationed outside the territorial limits of the United States, and, even then, (3) the other spouse must attend the hearing. If a child cannot be adopted by a person in the armed services, without his attendance at the adoption hearing although the other joint petitioning spouse attends the hearing, unless such person is stationed outside the boundaries of the United States, it cannot reasonably be contended that the legislature intended to permit a child to be adopted by persons residing in the city where the adoption hearing is held without the presence at the hearing of all petitioners.

Our Supreme Court, speaking through Judge Hemphill, in Cannon's Adm'r v. Vaughan, 12 Tex. 399, 402, said:

"It is another established rule that all acts in pari materia are to be taken together, as if they were one law, and that if it can be gathered from a subsequent statute, in pari materia, what meaning the Legislature attached to the words of a former statute, this will amount to a legislative declaration of its meaning, and will govern the construction of the first statute."

To the same effect are the decisions in Stanford v. Butler, 142 Tex. 692, 181 S. W.2d 269, 274, 153 A.L.R. 1054; Cherry v. Magnolia Petroleum Co., Tex.Com.App., 45 S.W.2d 555, 557. See also 2 C.J.S., Adoption of Children, § 6b, p. 377.

Mrs. Combs' attendance was waived by appellant, if he could waive that requirement. But, we are of the opinion that the requirement that she attend the adoption hearing in person cannot be waived.

The only other error asserted need not occur on another trial and will, therefore, not be discussed.

The judgment is reversed and the cause remanded.