ACCEPTED
03-14-00397-CV
4435411
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/10/2015 11:14:24 AM
JEFFREY D. KYLE
CLERK

**No. 03-14-00397-CV**

In the Court of Appeals
For the Third Judicial District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/10/2015 11:14:24 AM
JEFFREY D. KYLE
Clerk

**AMERICAN MULTI-CINEMA, INC.**

*Appellant & Cross-Appellee,*

**v.**

**GLENN HEGAR, COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TEXAS, AND KEN PAXTON, ATTORNEY GENERAL OF THE STATE OF TEXAS**

*Appellees & Cross-Appellants.*

ON APPEAL FROM THE 200TH DISTRICT COURT, TRAVIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. D-1-GN-12-003831

**APPELLANT & CROSS APPELLEE'S
ORAL ARGUMENT HANDOUTS**

Mark W. Eidman
Texas Bar No. 06496500
Mark.Eidman@RyanLawLLP.com

Doug Sigel
Texas Bar No. 18347650
Doug.Sigel@RyanLawLLP.com

Olga Goldberg
Texas Bar No. 24083081
Olga.Goldberg@RyanLawLLP.com

March 10, 2015

RYAN LAW FIRM, LLP
100 Congress Avenue, Suite 950
Austin, Texas 78701
512.459.6600 Telephone
512.459.6601 Facsimile

***Counsel for Appellant &
Cross-Appellee***

No. 03-14-00397-CV

In the Court of Appeals
For the Third Judicial District
Austin, Texas

**AMERICAN MULTI-CINEMA, INC.**

*Appellant & Cross-Appellee,*

**v.**

**GLENN HEGAR, COMPTROLLER OF PUBLIC ACCOUNTS
OF THE STATE OF TEXAS, AND KEN PAXTON, ATTORNEY
GENERAL OF THE STATE OF TEXAS**

*Appellees & Cross-Appellants.*

ON APPEAL FROM THE 200TH DISTRICT COURT, TRAVIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. D-1-GN-12-003831

**APPELLANT & CROSS APPELLEE'S
ORAL ARGUMENT HANDOUTS**

FINDINGS OF FACT FOR PHASE ONE &
ORDER ON PHASE ONE OF BENCH TRIAL ....................................................... TAB 1

FINDINGS OF FACT FOR PHASE TWO, AND MAY 16, 2014 LETTER
FROM JUDGE NARANJO ................................................................ TAB 2

"INTANGIBLE PROPERTY" DEFINED............................................................ TAB 3

KEY LANGUAGE OF TEX. TAX CODE § 171.1012 ........................................... TAB 4

CLARIFICATION IN (t) ................................................................TAB 5

Respectfully submitted,


  /s/ Doug Sigel
Doug Sigel
Texas Bar No. 18347650
Doug.Sigel@RyanLawLLP.com
RYAN LAW FIRM, LLP
100 Congress Avenue, Suite 950
Austin, Texas  78701
Telephone: (512) 459-6600
Facsimile: (512) 459-6601

Attorney for Appellant & Cross-Appellee


## Certificate of Service

I certify that a copy of the Appellant & Cross Appellee's Oral Argument Handouts was served on Appellees & Cross-Appellants, Glenn Hegar and Ken Paxton, through counsel of record Charles Eldred, Office of the Attorney General, Financial Litigation, Tax and Charitable Trusts Division, P.O. Box 12548, Austin, Texas, 78711, Charles.Eldred@texasattorneygeneral.gov, by electronic mail on March 10, 2015.


  /s/ Doug Sigel
Doug Sigel

Filed in The District Court
of Travis County, Texas

ES JUN 23 2014
At ___9:49___ M.
Amalia Rodriguez-Mendoza, Clerk

**CAUSE NO. D-1-GN-12-003831**

| | |
|---|---|
| American Multi-Cinema, Inc., **Plaintiff,** | IN THE DISTRICT COURT OF |
| v. | |
| Susan Combs, Comptroller of Public Accounts of the State of Texas, and Greg Abbott, Attorney General of the State of Texas, **Defendants.** | TRAVIS COUNTY, TEXAS |
| | 200th JUDICIAL DISTRICT |

### ~~Proposed~~ Findings of Fact for Phase One
DB/kgp

1. Plaintiff American Multi-Cinema, Inc. ("AMC") is a corporation engaged in the movie theater business.

2. AMC timely brought suit under Section 112 and 171 of the Texas Tax Code to recover franchise tax paid in protest for Report Years 2008 and 2009.

3. AMC exhibits movies and other content (such as live sporting events and theatre) to paying customers at its movie theaters.

4. When AMC exhibits movies and other content to its paying customers, it produces personal property that can be seen, weighed, measured, felt, or touched or that is perceptible to the senses in any other manner for sale in its ordinary course of business.

### ~~Proposed~~ Conclusions of Law for Phase One
DB/kgp

1. The Court has jurisdiction over this case.

2. When AMC exhibits movies and other content to its paying customers, AMC produces goods for sale in ordinary course of business under Section 171.1012, and may therefore include the costs of exhibiting movies and other content to its paying customers in its cost-of-goods-sold deduction under Section 171.1012 of the Texas Tax Code.

3. Section 10(b) of H.B. 500 does not apply to this case.

Signed on June 20, 2014.

Darlene Byrne
Judge, 126th District Court
Travis County, Texas

30

Notice sent:  Final  Interlocutory  None          DC          BK13263 PG1548
Disp Parties:_____
Disp code:  CVD / CLS _____
Redact pgs:_____
Judge  DXB    Clerk  R-T

CAUSE NO. D-1-GN-12-003831

| | | |
|---|---|---|
| AMERICAN MULTI-CINEMA, INC., **Plaintiff** | § § § | IN THE DISTRICT COURTS |
| vs. | § § § | OF TRAVIS COUNTY, TEXAS |
| SUSAN COMBS, COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TEXAS, and GREG ABBOTT, ATTORNEY GENERAL OF THE STATE OF TEXAS, **Defendants** | § § § § § § § | 200th JUDICIAL DISTRICT |

Filed in The District Court
of Travis County, Texas

ES SEP 18 2013
At____9:05____M.
Amalia Rodriguez-Mendoza, Clerk

### ORDER ON PHASE ONE OF BENCH TRIAL

On September 16 and 17, 2013, the above referenced suit for refund of Texas franchise tax paid under protest was tried to the Court. The trial was bifurcated. Plaintiff, American Multi-Cinema, Inc. ("AMC") appeared through counsel and announced ready for trial. Defendants Susan Combs, Comptroller of Public Accounts of the State of Texas, and Greg Abbott, Attorney General of the State of Texas ("Comptroller"), appeared through counsel and announced ready for trial. The Court has jurisdiction over the parties and the claims presented to the Court. After hearing the evidence and considering the applicable law and arguments of counsel, the Court finds that Section 10 (b) of H.B. 500 does not apply to this case in that it is not effective until September 1, 2013, which is after the timeframe of the controversy in this case and the Court further finds in favor of AMC and against the Comptroller.

The Court orders that AMC is entitled to include the costs to exhibit films to its customers in its Cost of Goods Sold subtraction under Section 171.1012 of the Tax Code.

The parties are ordered to schedule a date with the Court for a phase two of this trial to determine the refund amount, which can be set before any Judge.

SIGNED on September 17, 2013.

JUDGE DARLENE BYRNE
126TH District Court
Travis County, Texas

197

CAUSE NO. D-1-GN-12-003831

| | | |
|---|---|---|
| American Multi-Cinema, Inc., Plaintiff, | ' | IN THE DISTRICT COURT OF |
| v. | ' | |
| | ' | |
| Susan Combs, Comptroller of Public Accounts of the State of Texas, and Greg Abbott, Attorney General of the State of Texas, Defendants. | ' | TRAVIS COUNTY, TEXAS |
| | ' | 200th JUDICIAL DISTRICT |

### Findings of Fact for Phase Two

1. Plaintiff American Multi-Cinema, Inc. ("AMC") is a corporation engaged in the movie theater business.

2. AMC timely brought suit under Section 112 and 171 of the Texas Tax Code to recover franchise tax paid in protest for Report Years 2008 and 2009.

3. AMC exhibits movies and other content (such as live sporting events and theatre) to paying customers.

4. The parties stipulated that Joint Exhibit 1 lists all of the costs that are includable either in (1) AMC's non-exhibition cost-of-goods-sold or (2) AMC's exhibition costs.

5. The parties stipulated that 100% of the costs shown in regular type in Joint Exhibit 1 are includable either in AMC's non-exhibition cost-of-goods-sold or in AMC's exhibition costs.

6. The parties stipulated that some, but not all, of the costs shown in bold type in Joint Exhibit 1 are includable in AMC's exhibition costs ("Disputed Costs"). All of the Disputed Costs are costs associated with AMC's theatres.

7. 13.42% of the Disputed Costs are exhibition costs. This includes 75% of the costs associated with the square footage used to sell concessions, which the parties stipulate is 2.19% of the Disputed Costs. This also includes 100% of the costs associated with the square footage used to project to movies and alternative content into the auditorium, which the parties stipulate is 9.67% of the Disputed Costs. Finally, this includes 100% of the costs associated with the square footage of AMC's auditoriums housing the speakers and screens, which the parties stipulate is 1.56% of the Disputed Costs. This adds up to 13.42% of the Disputed Costs.

28

8.      The costs associated with the square footage for the auditoriums, other than the square footage housing the speakers and screens, are not exhibition costs.

9.      Based on 13.42% of the AMC's cost-of-goods-sold for Report Year 2008 is $1,091,269,621. AMC's refund for Report Year 2008 is $229,709, plus assessed interest, penalty, and statutory interest.

10.     AMC's cost-of-goods-sold for Report Year 2009 is $1,108,701,467. AMC's refund for Report Year 2009 is $269,959, plus assessed interest, penalty, and statutory interest.

## Conclusions of Law for Phase Two

1.      The Court has jurisdiction over this case.

2.      Pursuant to Judge Byrne's order in Phase One of this trial, AMC may include the costs of exhibiting movies and other content to its paying customers in its cost-of-goods-sold deduction under Section 171.1012 of the Texas Tax Code.

3.      Interpretations given to statutes by state agencies are entitled to deference when, as here, a tax arguably applied and the court is weighing competing interpretations of the amount owed. The Comptroller's interpretation of the amount owed in the present case is reasonable under the plain language of Section 171.1012, Tax Code.

4.      Under Judge Byrne's ruling and Section 171.1012 of the Tax Code, 13.42% of the Disputed Costs are includable in AMC's cost-of-goods-sold deduction. AMC is entitled to a refund of $258,417 for Report Year 2008 and $289,815 for Report Year 2009, plus statutory interest.

Date: _June 20, 2014_, 2014.

Orlinda L. Naranjo
Judge, 419th District Court
Travis County, Texas

ORLINDA NARANJO
Judge
(512) 854-4023

DIANA CAPUCHINO
Court Operations Officer
(512) 854-4023

TRENT HIGHTOWER
Staff Attorney
(512) 854-4029

DORA CANIZALES
Official Court Reporter
(512) 854-9329

STEPHANIE WILLIAMS
Court Clerk
(512) 854-5854



# 419TH DISTRICT COURT

HEMAN MARION SWEATT TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767
FAX: (512) 854-2224

May 16, 2014

*Via Facsimile (512) 477-2348*
Charles K. Eldred
Office of the Attorney General
P.O. Box 12548
Austin, Texas, 78711

*Via Facsimile (512) 459-6601*
Doug Sigel
Rayley & Bowick, LLP
The Ryan Law Firm
100 Congress Ave., Suite 950
Austin, Texas, 78701

**Re:    Cause No. D-1-GN-12-003831; American Multi-Cinema, Inc. v. Susan Combs, Comptroller of Public Accounts of the State of Texas, and Greg Abbott, Attorney General of the State of Texas; In the 200th Judicial District, Travis County, Texas**

Dear Counsel:

Enclosed is a file-stamped Final Judgment in the above-referenced matter granting the Comptroller's proposed refund amount. Though not required, the Court thought it would be helpful to the parties to explain the basis of its ruling. In reaching its decision the Court relied on *Tracfone Wireless, Inc., et al v. Comm'n on State Emergency Communications*, 397 S.W.3d 173, 183 (Tex. 2012), which states that the interpretations given to statutes by state agencies are entitled to deference when, as here, "a tax unarguably applies and the court is weighing competing interpretations of the amount owed." The Comptroller's interpretation of the amount owed in the present case is reasonable under the plain language of Section 171.1012, Tax Code.

If you have any questions regarding this matter, please contact my Staff Attorney, Trent Hightower, at (512) 854-4029.

Sincerely,

Judge Orlinda L. Naranjo
419th District Court, Travis County

Enclosures (1)
xc:  Ms. Amalia Rodriguez-Mendoza, District Clerk

# "Intangible property" defined

"property having **no physical substance <u>apparent to the senses</u>** : incorporeal property (as choses in action) often evidenced by documents (as stocks, bonds, notes, judgments, franchises) having no intrinsic value or by rights of action, easements, goodwill, trade secrets."

Webster's Third New International Dictionary 1173 (2002)

"Property that **lacks a physical existence**. Examples include stock options and business goodwill."

Black's Law Dictionary 1411 (Bryan A. Garner ed., 10th ed. 2014)

# § 171.1012. Determination of Cost of Goods Sold

(a)(3)(A) "Tangible personal property" means:

    (i) personal property that can be **seen**, weighed, measured, felt, or touched or that is **perceptible to the senses** in any other manner;

(a)(2) "Production" includes **construction**, **installation**, **manufacture**, **development**, mining, extraction, **improvement**, **creation**, raising, or growth.

(t) If a taxable entity that is a **movie theater** elects to subtract cost of goods sold, the cost of goods sold for the taxable entity shall be the costs described by this section *in relation* to the **acquisition**, **production**, **exhibition**, or **use** of a film or motion picture, including[1] expenses for the right to use the film or motion picture. (2013 clarification)

---

[1] Under the Code Construction Act, "[i]ncludes" and "including" are terms of enlargement and not of limitation or exclusive enumeration, and of the terms does not create a presumption that components not expressed are excluded." Tex. Gov't Code § 311.005(13).

# Clarification in (t)

"In the absence of **some showing**, either by legislative history or otherwise, that the **intent by the legislature in adopting the amendment was to clarify** rather than change the statute in question, the presumption is of change rather than clarification."

*Pub. Util. Comm'n of Tex. v. Harlingen*, 311 S.W.3d 610, 620 n.7
(Tex. App.—Austin 2010, no pet.)

"if it can be gathered from a subsequent statute, in pari materia, what meaning the Legislature attached to the words of a former statute, this will amount to a **legislative declaration of its meaning** and **will govern the construction of the first statute**."

*Cannon's Adm'r v. Vaughan*, 12 Tex. 399 (1854)

"While we think the **plain language** of Section 5 **before its amendment** made it mandatory that all petitioners attend the adoption hearing in person, *if there could have been any doubt* thereof it was removed by the amendment and its emergency clause, wherein the legislature clearly interpreted said Section as being mandatory."

*Johnson v. Combs*, 256 S.W.2d 207, 207-08
(Tex. App.—Eastland 1953, no writ)

"The legislature **specifically noted** [in the bill] that it intended subsection (j)(1) to be considered as a **clarification of the existing law**, not as a substantive change."

*Sharp v. Caterpillar, Inc.*, 932 S.W.2d 230, 233-34 (Tex. App.—Austin 1996, no writ)

|  | § 171.012(t) | *Harlingen* | *Caterpillar* |
|---|---|---|---|
| Years at issue | RY 2008-2009 | 2007 | RY 1988-1994 |
| Clarification effective | 9/1/2013 | 6/19/2009 | 9/1/1991 |

---

## H.B. 500, Section 10(b)

"**Section 171.1012(t), Tax Code, as added by this section, is a clarification of existing law**"